CHARLES P. RETTIG, State Bar No. 97848
STEVEN TOSCHER, State Bar No. 91115
AVRAM SALKIN, State Bar No. 30412
EDWARD M. ROBBINS, JR., State Bar No. 82696
SHARYN M. FISK, State Bar No. 199898
Hochman Salkin Rettig Toscher & Perez, P.C.
9150 Wilshire Boulevard, Suite 300
Beverly Hills, CA 90212
Telephone: 310-281-3200
Fax:  310-859-1430

JOSEPH P. ROSSONIELLO
United States Attorney
THOMAS M. NEWMAN
Assistant United States Attorney
HENRY C. DARMSTADTER
JAMES E. WEAVER
STEPHEN P. JOHNSON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:  202-307-6481

** E-filed November 12, 2009 **

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA CLARA VALLEY HOUSING GROUP, INC and KRISTEN M. BOWES,

　　　　　　　　　　Plaintiffs,

　v.

UNITED STATES OF AMERICA,

　　　　　　　　　　Defendant.

Case No. 5:08-cv-05097-JW

**STIPULATED PROTECTIVE ORDER**

STIPULATED PROTECTIVE ORDER

4668187.1

By agreement of the parties, plaintiffs Santa Clara Valley Housing Group, Inc. and Kristen M. Bowes ("Plaintiffs"), and defendant United States of America ("United States" or "Defendant") (each, a "Party" and together, "the Parties"), and non-party LESS & WEAVER ("L&W"), by and through their attorneys, and in order to protect certain information during the discovery phase of this litigation that non-party L&W may be required to produce during the course of this action while recognizing the "vital public interest in open judicial proceedings," 28 C.F.R. §50.9, it is hereby ORDERED that:

1. Information, materials, and documents (whether in paper or electronic form) produced or furnished by L&W to either or both of the Parties in response to subpoenas issued in this case that contain any confidential tax, personal, or financial information relating to any individual or entity other than the Parties, or their employees or affiliates, which L&W designates and identifies as "Protected Information" after a good-faith determination that the information, materials, or documents warrant protection under the appropriate standards, shall be deemed "Protected Information." Notwithstanding any other provisions of this Order, the Parties and L&W understand and agree that documents produced by L&W in response to subpoenas in this case, and that are otherwise publicly available, are not entitled to treatment as Protected Information pursuant to this Order, and may be treated by the Parties as not being Protected Information without the need for any further order of this Court. The presumptions concerning Protected Information identified by the paragraph are subject to the objection provisions of paragraph 7. The issuance of this Protective Order does not constitute a finding by the Court (or an admission by any Party) that any Protected Information is relevant, admissible, or otherwise not subject to challenge on evidentiary grounds.

2. Protected Information may be used in any and all discovery proceedings in this case including, but not limited to, document requests, requests for admission, depositions, interrogatories, and discovery motions, but shall not otherwise be publicly disclosed

except as permitted by this Order. Protected Information may be used by the Parties in connection with the prosecution or defense of this action (including, but not limited to, all uses associated with motions filings and all uses associated with offering Protected Information into evidence or eliciting/offering testimony at trial), but not for any other pending or threatened civil litigation, nor any business or other purpose, except as otherwise provided for in this Order. The United States may use Protected Information in other civil litigation, provided that the United States provides written notification to L&W or its counsel in advance of any intended use in other civil litigation and provided that such advance written notification confirms the agreement of the United States that (i) the Protected Information will be used solely for purposes of such other civil litigation and (ii) access to the Protected Information will be limited in the same manner and subject to the same limitations as provided in this Order.

3.     Except as described herein (or by subsequent order of this Court), the Parties agree not to give, show, disclose, disseminate, or describe, either directly or indirectly, Protected Information to any person(s) other than those identified, below, by this Order.

4.     Access to Protected Information shall be restricted to:

(a).    This Court and its personnel;

(b).    Counsel for the Parties, including outside and in-house lawyers; other lawyers regularly employed in their offices; and such supervising attorneys, lawyers' staff, and administrators, to whom it is necessary to disclose Protected Information for purposes of this litigation (including secretaries, paralegals, clerks, and other assistants);

(c).    The Parties themselves (for purposes of the United States, this includes all persons employed by the United States Department of Justice or the Internal Revenue Service whose duties include assisting with, or reviewing, matters concerning this litigation);

2
STIPULATED PROTECTIVE ORDER

4668187.1

(d).     Independent experts or consultants retained by counsel for the Parties for the purpose of assisting in this litigation, including any of their staff to whom it is necessary to disclose Protected Information in order to assist in their participation in this litigation;

(e).     Any potential witness in this litigation identified in the Complaint, identified during discovery or by the Parties' witness lists, or planned to be called as a witness by a Party at deposition or during trial or to be interviewed about a matter at issue in this case, as well as any counsel for such witness and any person(s) present during such testimony or interview.  For purposes of this paragraph 4(e), the Parties and L&W understand and agree that documents produced by L&W in response to subpoenas in this case, and that are otherwise available to a potential witness described in this paragraph 4(e), shall not be treated as Protected Information with respect to such potential witness. Individuals identified by this Paragraph may be provided with a copy of any relevant Protected Information for their review in preparation for or during the witness's deposition or testimony, either at trial or other hearing in this litigation.  Upon completion of their review, the Protected Information provided shall be returned to counsel for the Party that supplied it;

(f).     Any mediators, arbitrators, or other outside parties and their staff enlisted by all Parties to assist in the resolution of this matter;

(g).     Outside or contracted litigation-support services, including commercial copying services;

(h).     Any court reporter, transcriber or videographer who reports, transcribes or records testimony in this action at a deposition;

(i).     Employees of the Department of Justice and the Internal Revenue Service who are assigned to any criminal investigation or matter for their unrestricted use in such

criminal investigation or matter, which use shall not be limited by the terms of this Order; and

   (j)  Anyone as may be ordered by the Court.

5. No Party shall disclose Protected Information or copies of Protected Information to any of the persons identified in Paragraphs 4(d) or 4(f) without first having obtained an executed acknowledgment from such person, substantially in the form attached hereto or, in the case of depositions, an acknowledgement on the record that such person agrees to be bound by the terms of this Protective Order.  No Party shall disclose Protected Information or copies of Protected Information to any of the persons identified in Paragraphs 4(e) or 4(h) without first seeking to have such persons execute an acknowledgment, substantially in the form attached hereto or, in the case of depositions, an acknowledgement on the record that such person agrees to be bound by the terms of this Protective Order.

6. The Parties and L&W agree that the inadvertent or unintentional disclosure by a Party of Protected Information shall not be deemed a waiver in whole or in part of any claim of confidentiality or protected status.  This paragraph applies to both the specific information disclosed as well as any other information relating thereto or on the same or related subject matter.

7. Any Party may object to the designation of, or failure to designate, a document as Protected Information under this Protective Order. If the Parties and L&W cannot resolve the matter by agreement after conferring in good faith (in voice-to-voice dialogue; other forms of communication are not sufficient), any Party or L&W may submit the matter to the Court for resolution.  The burden of persuasion in any such proceeding shall be on the side claiming protection.  Until the Court resolves the matter, the disputed document shall be treated as protected by this Protective Order.

---

4
STIPULATED PROTECTIVE ORDER

4668187.1

8.      Should either Party be commanded pursuant to a valid subpoena issuing from any federal or state court, administrative agency or other governmental authority to disclose Protected Information, such Party will promptly notify L&W and its counsel in advance of any disclosure pursuant to such a subpoena in order to afford L&W an opportunity to object or move to quash the subpoena.

9.      Within ninety (90) days after the final conclusion of this litigation, including all appeals, each Party will provide written certification to L&W that all originals and/or copies of all Protected Information (including both paper and electronic versions) in the possession of the Party, its counsel or other agents, have been either returned to L&W or destroyed. Each Party's counsel may retain any attorney work product even though it contains Protected Information, but such retained work product shall remain subject to the terms of this Protective Order. The Defendant's counsel may retain its work product, copies of court filings and official transcripts and exhibits and other documents required to be retained by written Department of Justice record-retention policy, provided that all such retained documents designated as Protected Information continue to be treated as provided herein.

10.     This Protective Order shall be effective immediately upon signature by counsel for either Party, and shall remain in effect after conclusion of this litigation, and the signing Parties agree that the Court may enforce the terms of this agreement and may disclose any Protected Information as part of a Court order or memorandum. The Court shall retain jurisdiction to enforce the terms of this Protective Order for six months after the final termination of this action.

11.     This Stipulation may be executed by each Party separately.

12.     Counsel for the Parties shall promptly report any willful breach of the provisions of this Protective Order to counsel for L&W. Upon discovery of any breach of this Protective Order, counsel for the breaching Party shall immediately take appropriate

1 action to cure the violation and retrieve any Protected Information that may have been
2 disclosed to persons not covered by this Protective Order. The Parties and L&W shall
3 reasonably cooperate in determining the existence of any such breach and whether there
4 is reason to report the breach to the Court.

5 13. Upon entry of this Order by the Court and in accordance with the return date of
6 the subpoena, L&W shall furnish a set of responsive documents to both counsel for the
7 Plaintiffs and counsel for the Defendant.

DATED: October 1, 2009       HOCHMAN SALKIN RETTIG TOSCHER & PEREZ, P.C.

By: _Charles P. Rettig_____
CHARLES P. RETTIG
Attorneys for Plaintiffs
SANTA CLARA VALLEY HOUSING GROUP, INC and
KRISTEN M. BOWES

DATED: ~~October~~ November 10, 2009

JOSEPH P. RUSSONIELLO
United States Attorney
THOMAS NEWMAN
Assistant United States Attorney

By: _James E. Weaver_____
HENRY C. DARMSTADTER
JAMES E. WEAVER
STEVEN P. JOHNSON
Trial Attorneys, Tax Division
U.S. Department of Justice

Attorneys for the Defendant
UNITED STATES OF AMERICA

DATED: October __, 2009       LESS & WEAVER

By:_____
ROBERT WEAVER
Attorney for Non-Party
LESS & WEAVER

6
STIPULATED PROTECTIVE ORDER

4668187.1

1 action to cure the violation and retrieve any Protected Information that may have been
2 disclosed to persons not covered by this Protective Order. The Parties and L&W shall
3 reasonably cooperate in determining the existence of any such breach and whether there
4 is reason to report the breach to the Court.

5 13.  Upon entry of this Order by the Court and in accordance with the return date of
6 the subpoena, L&W shall furnish a set of responsive documents to both counsel for the
7 Plaintiffs and counsel for the Defendant.

DATED: October __ , 2009    HOCHMAN SALKIN RETTIG TOSCHER & PEREZ, P.C.

By:_____
CHARLES P. RETTIG
Attorneys for Plaintiffs
SANTA CLARA VALLEY HOUSING GROUP, INC and
KRISTEN M. BOWES

DATED: October __, 2009    JOSEPH P. RUSSONIELLO
United States Attorney
THOMAS NEWMAN
Assistant United States Attorney

By:_____
HENRY C. DARMSTADTER
JAMES E. WEAVER
STEVEN P. JOHNSON
Trial Attorneys, Tax Division
U.S. Department of Justice

Attorneys for the Defendant
UNITED STATES OF AMERICA

DATED: October 7, 2009    LESS & WEAVER

By:_____
ROBERT WEAVER
Attorney for Non-Party
LESS & WEAVER

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

DATED: November 12, 2009

_____
Howard R. Lloyd
United States Magistrate Judge

## ACKNOWLEDGMENT

The undersigned has been provided with a copy of the foregoing Protective Order entered in the case captioned *Santa Clara Valley Housing Group, Inc. and Kristen M. Bowes v. United States of America*, Case No. 5:08-cv-05097-JW; has had an opportunity to review the Protective Order; and is fully familiar with all of the terms of the Protective Order. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Protective Order.

_____

Print Name:_____

Address:_____

_____

_____

Date signed:_____