1 | CHARLES P. RETTIG, State Bar No. 97848        **\*\* E-filed August 16, 2010 \*\***
STEVEN TOSCHER, State Bar No. 91115
2 | AVRAM SALKIN, State Bar No. 30412
EDWARD M. ROBBINS, JR., State Bar No. 82696
3 | SHARYN M. FISK, State Bar No. 199898
Hochman Salkin Rettig Toscher & Perez, P.C.
4 | 9150 Wilshire Boulevard, Suite 300
Beverly Hills, CA 90212
5 | Telephone: 310-281-3200
Fax: 310-859-1430
6 |
JOSEPH P. ROSSONIELLO
7 | United States Attorney
THOMAS M. NEWMAN
8 | Assistant United States Attorney
HENRY C. DARMSTADTER
9 | JAMES E. WEAVER
STEPHEN P. JOHNSON
10 | ADAM D. STRAIT
Trial Attorneys, Tax Division
11 | U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
12 | Washington, D.C. 20044-0683
Telephone: 202-307-6481
13 | Fax: 202-307-0054

14 |

15 | **UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
16 |

17 | SANTA CLARA VALLEY HOUSING
GROUP, INC and KRISTEN M. BOWES,       **Case No. 5:08-cv-05097-JW**
18 |

19 |               Plaintiffs,       **STIPULATED PROTECTIVE ORDER**
**REGARDING AMERICAN**
20 | **INTERNATIONAL GROUP, INC.**
AS AMENDED BY THE COURT
21 |    v.

22 | UNITED STATES OF AMERICA,       Honorable Judge Lucy H. Koh

23 |               Defendant.

24 |

25 |

26 |

27 | ——————————————————————
STIPULATED PROTECTIVE ORDER
28 | 1

5600232.2
5700591.1
5752291.1

1    By agreement of the parties, plaintiffs Santa Clara Valley Housing Group, Inc.

2  and Kristen M. Bowes ("Plaintiffs"), and defendant United States of America ("United

3  States" or "Defendant") (each, a "Party" and together, "the Parties"), and non-party

4  American International Group, Inc., and/or its subsidiaries or affiliated entities,

5  specifically including but not limited to American International Specialty Lines Insurance

6  Company, n/k/a Chartis Specialty Insurance Company (collectively, "AIG"), by and

7  through their attorneys, and in order to protect certain information during the discovery

8  phase of this litigation that non-party AIG may be required to produce during the course

9  of this action while recognizing the "vital public interest in open judicial proceedings,"

10  28 C.F.R. § 50.9, it is hereby ORDERED that:

11  1.    Information, materials, and documents (whether in paper or electronic form)

12  produced or furnished by AIG to either or both of the Parties in response to subpoenas

13  issued in this case that contain any confidential tax, personal, or financial information

14  relating to any individual or entity other than the Parties, or their employees or affiliates,

15  which AIG designates and identifies as "Protected Information" after a good-faith

16  determination that the information, materials, or documents warrant protection under the

17  appropriate standards, shall be deemed "Protected Information."  Notwithstanding any

18  other provisions of this Order, the Parties and AIG understand and agree that documents

19  produced by AIG in response to subpoenas in this case, and that are otherwise publicly

20  available, are not entitled to treatment as Protected Information pursuant to this Order,

21  and may be treated by the Parties as not being Protected Information without the need for

22  any further order of this Court.  The presumptions concerning Protected Information

23  identified by the paragraph are subject to the objection provisions of paragraph 7.  The

24  issuance of this Protective Order does not constitute a finding by the Court (or an

25  admission by any Party) that any Protected Information is relevant, admissible, or

26  otherwise not subject to challenge on evidentiary grounds.

27

28

STIPULATED PROTECTIVE ORDER
2

2.      Protected Information may be used in any and all discovery proceedings in this case including, but not limited to, document requests, requests for admission, depositions, interrogatories, and discovery motions, but shall not otherwise be publicly disclosed except as permitted by this Order.  Protected Information may be used by the Parties in connection with the prosecution or defense of this action (including, but not limited to, all uses associated with motions filings and all uses associated with offering Protected Information into evidence or eliciting/offering testimony at trial), but not for any other pending or threatened civil litigation, nor any business or other purpose, except as otherwise provided for in this Order.    The United States may use Protected Information in other civil litigation, provided that the United States provides written notification to AIG and its counsel in advance of any intended use in other civil litigation.   The written notification to AIG shall be provided to Devaleena Das, Associate Litigation Counsel, Chartis U.S., 175 Water Street, 18th Floor, New York, NY 10038 and the written notification to AIG's counsel shall be provided to Daniel W. Nelson and Melanie L. Katsur, Gibson Dunn & Crutcher LLP, 1050 Connecticut Ave. NW, Washington, DC 20036.  The written notification shall be made in a reasonable time and manner to allow AIG to interpose objections to the use of the Protected Information in such other civil litigation.  The written notice shall confirm the agreement of the United States that (i) the Protected Information will be used solely for purposes of such other civil litigation and (ii) access to the Protected Information will be limited in the same manner and subject to the same limitations as provided in this Order.  The United States agrees that AIG does not waive any evidentiary objections it may have in such other and subsequent civil litigation by producing Protected Information for use in this action.

3.      Except as described herein (or by subsequent order of this Court), the Parties agree not to give, show, disclose, disseminate, or describe, either directly or indirectly, Protected Information to any person(s) other than those identified, below, by this Order.

---

STIPULATED PROTECTIVE ORDER
3

The Parties acknowledge that this Order creates no entitlement to file Protected Information under seal; a Party that seeks to file under seal any Protected Information must comply with Civil Local Rule 79-5 and General Order 62.

1  4.      Access to Protected Information shall be restricted to:

2          (a).      This Court and its personnel;

3          (b).      Counsel for the Parties, including outside and in-house lawyers; other

4  lawyers regularly employed in their offices; and such supervising attorneys, lawyers'

5  staff, and administrators, to whom it is necessary to disclose Protected Information for

6  purposes of this litigation (including secretaries, paralegals, clerks, and other assistants);

7          (c).      The Parties themselves (for purposes of the United States, this includes all

8  persons employed by the United States Department of Justice or the Internal Revenue

9  Service whose duties include assisting with, or reviewing, matters concerning this

10 litigation);

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
4

1      (d).    Independent experts or consultants retained by counsel for the Parties for

2  the purpose of assisting in this litigation, including any of their staff to whom it is

3  necessary to disclose Protected Information in order to assist in their participation in this

4  litigation;

5      (e).    Any potential witness in this litigation identified in the Complaint,

6  identified during discovery or by the Parties' witness lists, or planned to be called as a

7  witness by a Party at deposition or during trial or to be interviewed about a matter at issue

8  in this case, as well as any counsel for such witness and any person(s) present during

9  such testimony or interview.  For purposes of this paragraph 4(e), the Parties and AIG

10 understand and agree that documents produced by AIG in response to subpoenas in this

11 case, and that are otherwise available to a potential witness described in this paragraph

12 4(e), shall not be treated as Protected Information with respect to such potential witness.

13 Individuals identified by this Paragraph may be provided with a copy of any relevant

14 Protected Information for their review in preparation for or during the witness's

15 deposition or testimony, either at trial or other hearing in this litigation.  Upon completion

16 of their review, the Protected Information provided shall be returned to counsel for the

17 Party that supplied it;

18     (f).    Any mediators, arbitrators, or other outside parties and their staff enlisted

19 by all Parties to assist in the resolution of this matter;

20     (g).    Outside or contracted litigation-support services, including commercial

21 copying services;

22     (h).    Any court reporter, transcriber or videographer who reports, transcribes or

23 records testimony in this action at a deposition;

24     (i).    Employees of the Department of Justice and the Internal Revenue Service

25 who are assigned to any criminal investigation or matter for their unrestricted use in such

26

27

28

5600232.2
5700591.1
5752291.1

1  criminal investigation or matter, which use shall not be limited by the terms of this Order;

2  and

3         (j).    Anyone as may be ordered by the Court.

4

5  5.    No Party shall disclose Protected Information or copies of Protected Information

6  to any of the persons identified in Paragraphs 4(d) or 4(f) without first having obtained an

7  executed acknowledgment from such person, substantially in the form attached hereto or,

8  in the case of depositions, an acknowledgement on the record that such person agrees to

9  be bound by the terms of this Protective Order.   No Party shall disclose Protected

10 Information or copies of Protected Information to any of the persons identified in

11 Paragraphs 4(e), 4(g) or 4(h) without first seeking to have such persons execute an

12 acknowledgment, substantially in the form attached hereto or, in the case of depositions,

13 an acknowledgement on the record that such person agrees to be bound by the terms of

14 this Protective Order.  Notwithstanding the rest of this Paragraph, no acknowledgment

15 shall be required by a person identified in Paragraph 4(g) who has previously executed a

16 contract, confidentiality agreement, or other arrangement which forbids further disclosure

17 of information provided to such person in connection with such person's litigation-

18 support services.

19 6.    The Parties and AIG agree that the inadvertent or unintentional disclosure by a

20 Party of Protected Information shall not be deemed a waiver in whole or in part of any

21 claim of confidentiality or protected status.  This paragraph applies to both the specific

22 information disclosed as well as any other information relating thereto or on the same or

23 related subject matter.

24 7.    Any Party may object to the designation of, or failure to designate, a document as

25 Protected Information under this Protective Order. If the Parties and AIG cannot resolve

26 the matter by agreement after conferring in good faith (in voice-to-voice dialogue; other

27

28

5600232.2
5700591.1
5752291.1

forms of communication are not sufficient), any Party or AIG may submit the matter to the Court for resolution. The burden of persuasion in any such proceeding shall be on the side claiming protection. Until the Court resolves the matter, the disputed document shall be treated as protected by this Protective Order.

8.      Should either Party be commanded pursuant to a valid subpoena issuing from any federal or state court, administrative agency or other governmental authority to disclose Protected Information, such Party will promptly notify AIG and its counsel in advance of any disclosure pursuant to such a subpoena in order to afford AIG an opportunity to object or move to quash the subpoena.

9.      Within ninety (90) days after the final conclusion of this litigation, including all appeals, each Party will provide written certification to AIG that all originals and/or copies of all Protected Information (including both paper and electronic versions) in the possession of the Party, its counsel or other agents, have been either returned to AIG or destroyed. Each Party's counsel may retain any attorney work product even though it contains Protected Information, but such retained work product shall remain subject to the terms of this Protective Order. The Defendant's counsel may retain its work product, copies of court filings and official transcripts and exhibits and other documents required to be retained by written Department of Justice record-retention policy, provided that all such retained documents designated as Protected Information continue to be treated as provided herein.

10.     This Protective Order shall be effective immediately upon signature by counsel for either Party, and shall remain in effect after conclusion of this litigation, and the signing Parties agree that the Court may enforce the terms of this agreement and may disclose any Protected Information as part of a Court order or memorandum. The Court shall retain jurisdiction to enforce the terms of this Protective Order for six months after the final termination of this action.

5600232.2
5700591.1
5752291.1

1   11.    This Stipulation may be executed by each Party separately.

2   12.    Counsel for the Parties shall promptly report any breach of the provisions of this

3   Protective Order to counsel for AIG.  Upon discovery of any breach of this Protective

4   Order, counsel for the breaching Party shall immediately take appropriate action to cure

5   the violation and retrieve any Protected Information that may have been disclosed to

6   persons not covered by this Protective Order.  The Parties and AIG shall reasonably

7   cooperate in determining the existence of any such breach and whether there is reason to

8   report the breach to the Court.

9   13.    Upon entry of this Order by the Court and in accordance with the return date of

10  the subpoena, AIG shall furnish a set of responsive documents to both counsel for the

11  Plaintiffs and counsel for the Defendant.

12

13  DATED:  July 29, 2010              HOCHMAN SALKIN RETTIG TOSCHER &
                                       PEREZ, P.C.

14

15                                 By: /s/ Sharyn M. Fisk
                                       CHARLES P. RETTIG
                                       Attorneys for Plaintiffs
16                                 SANTA CLARA VALLEY HOUSING GROUP,
                                       INC and KRISTEN M. BOWES
17

18  DATED:  July 29, 2010              JOSEPH P. RUSSONIELLO
                                       United States Attorney
19                                     THOMAS NEWMAN
                                       Assistant United States Attorney
20

21                                 By: /s/ Adam Strait
                                       HENRY C. DARMSTADTER
22                                     JAMES E. WEAVER
                                       STEVEN P. JOHNSON
23                                     ADAM D. STRAIT
                                       Trial Attorneys, Tax Division
24                                     U.S. Department of Justice

25                                     Attorneys for the Defendant
                                       UNITED STATES OF AMERICA
26

27  ───────────────────────────────────────
              STIPULATED PROTECTIVE ORDER
28                          8

                                                    5600232.2
                                                    5700591.1
                                                    5752291.1

DATED:  July  29, 2010            GIBSON, DUNN & CRUTCHER LLP

                                  By: /s/ Melanie L. Katsur
                                      DANIEL W. NELSON
                                      MELANIE L. KATSUR
                                      Attorneys for Non-Party
                                  AMERICAN INTERNATIONAL GROUP, INC.

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.


DATED: ___August 16_____, 2010    _____
                                        HOWARD R. LLOYD
                                        United States Magistrate Judge

---

STIPULATED PROTECTIVE ORDER
9

5600232.2
5700591.1
5752291.1

## ACKNOWLEDGMENT

The undersigned has been provided with a copy of the foregoing Protective Order entered in the case captioned *Santa Clara Valley Housing Group, Inc. and Kristen M. Bowes v. United States of America*, Case No. 5:08-cv-05097-JW; has had an opportunity to review the Protective Order; and is fully familiar with all of the terms of the Protective Order.  By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Protective Order.

_____

Print Name:_____

Address:_____

_____

_____

Date signed:_____

STIPULATED PROTECTIVE ORDER
10

5600232.2
5700591.1
5752291.1

1 | JOSEPH P. ROSSONIELLO
United States Attorney
2 | THOMAS M. NEWMAN
Assistant United States Attorney
3 |
HENRY C. DARMSTADTER
4 | JAMES E. WEAVER
STEPHEN P. JOHNSON
5 | ADAM D. STRAIT
Trial Attorneys, Tax Division
6 | U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
7 | Washington, D.C. 20044-0683
Telephone:  202-307-6481
8 | Fax: 202-307-0054

9 | Attorneys for the United States of America

10

11 | **UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12

13 | SANTA CLARA VALLEY HOUSING
GROUP, INC and KRISTEN M. BOWES,      **Case No. 5:08-cv-05097-JW**
14

15 |                          Plaintiffs,      **CERTIFICATE OF SERVICE OF**
**STIPULATED PROTECTIVE ORDER**
16 |                                            **REGARDING AMERICAN**
**INTERNATIONAL GROUP, INC.**
17

18 |        v.                                  Honorable Judge James Ware

19 | UNITED STATES OF AMERICA,

20 |                          Defendant.

21

22 |        I, Adam D. Strait, pursuant to 28 U.S.C. § 1746, declare as follows:

23 |        1.      I filed the foregoing Stipulated Protective Order Regarding American

24 | International Group, Inc. with the Clerk of Court on July 29, 2010, through the Court's

25 | CM/ECF sytem.

26 |        2.      On July 29, 2010, 2010, through the Court's CM/ECF system, I

27 | electronically served a copy of the foregoing Stipulated Protective Order on Charles P.

28 |
                                              1
                              CERTIFICATE OF SERVICE
                                                                    5752291.1

1  Rettig, Steven Toscher, Avram Salkin, Edward M. Robbins, Jr., and Sharyn M. Fisk,

2  counsel for the Plaintiffs.

3          3.      On July 29, 2010, I sent a copy of the foregoing Stipulated Protective

4  Order by first-class mail, postage prepaid, to the following:

5
6  Charles P. Rettig
   Steven Toscher
   Avram Salkin
7  Edward M. Robbins, Jr.
   Sharyn M. Fisk
8  Hochman Salkin Rettig Toscher & Perez, P.C.
   9150 Wilshire Boulevard, Suite 300
9  Beverly Hills, California 90212

10         4.      On July 29, 2010, I served a copy of the foregoing Stipulated Protective

11  Order on Melanie Katsur, counsel for American International Group, Inc., by attaching to

12  an email to MKatsur@gibsondunn.com a copy of the same .pdf file electronically filed

13  with the Court.

14         5.      On July 29, 2010, I sent a copy of the foregoing Stipulated Protective

15
16  Order by first-class mail, postage prepaid, to the following:

17  Daniel W. Nelson
    Melanie L. Katsur
18  Gibson, Dunn & Crutcher LLP
    1050 Connecticut Avenue, N.W.
19  Washington, DC 20036-5306

20         Under penalty of perjury, I declare the foregoing to be true and correct to the best

21  of my knowledge.

22  Date: July 29, 2010

23                          /s/ Adam Strait
                            Adam D. Strait
24                          Trial Attorney, Tax Division
                            U.S. Department of Justice
25                          P.O. Box 683, Ben Franklin Station
                            Washington, D.C.  20044-0683
26                          Telephone: (202) 307-2135
                            Facsimile: (202) 307-0054
27                          adam.d.strait@usdoj.gov

28
                                        2
                              CERTIFICATE OF SERVICE
                                                                        5752291.1