CHARLES P. RETTIG, State Bar No. 97848
STEVEN TOSCHER, State Bar No. 91115
AVRAM SALKIN, State Bar No. 30412
EDWARD M. ROBBINS, JR., State Bar No. 82696
SHARYN M. FISK, State Bar No. 199898
Hochman Salkin Rettig Toscher & Perez, P.C.
9150 Wilshire Boulevard, Suite 300
Beverly Hills, CA 90212
Phone: 310/281-3200
Fax: 310/859-1430
E-Mail: sf@taxlitigator.com

Attorneys for Plaintiffs Santa Clara Valley Housing Group, Inc.
and Kristen M. Bowes

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA CLARA VALLEY HOUSING GROUP, INC. and KRISTEN M. BOWES,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 5:08-cv-05097-HRL<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL THIRD-PARTY DOUGLAS DUNCAN TO TESTIFY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SHARYN M. FISK IN SUPPORT OF MOTION TO COMPEL; [PROPOSED] ORDER<br><br>Date: December 7, 2010<br>Time: 10:00 a.m.<br>Courtroom: 2, 5th Floor |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Tuesday, December 7, 2010, at 10:00 a.m., or as soon thereafter as the matter can be heard, in the Courtroom of the Honorable Howard R. Lloyd, United States Magistrate Judge, in the above-entitled Court located at 280 South First Street, San Jose, California 95113, Plaintiffs SANTA CLARA VALLEY HOUSING GROUP, INC. and KRISTEN M. BOWES will and hereby do move the Court for an order compelling third-party deponent Douglas Duncan to answer certain questions propounded to him at deposition, which questions Mr. Duncan refused to answer. This motion is made on

the grounds that said questions were reasonably calculated to lead to the discovery of admissible evidence and did not relate to privileged matters, and the refusal to answer is without justification.

This motion will be based on this Notice of Motion, the Memorandum of Points and Authorities and the Declaration of Sharyn Fisk served and filed herewith, and the subpoena and transcript of said deposition, copies of which are attached to the Declaration of Sharyn Fisk and incorporated herein as **Exhibits A** and **B** respectively, as well as on the papers, records, and pleadings on file in this action, and any evidence that the Court may admit at or before the hearing on this matter.

Dated: October 26, 2010                HOCHMAN, SALKIN, RETTIG, TOSCHER & PEREZ, PC

By:  / s / SHARYN M. FISK, ESQ.
SHARYN M. FISK, ESQ.
Attorneys for SANTA CLARA VALLEY HOUSING GROUP, INC. and KRISTEN M. BOWES

# MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION AND RELIEF SOUGHT**

This case is an action by Santa Clara Valley Housing Group, Inc. ("SCVHG") and Kristen M. Bowes ("Bowes") (collectively referred to as "Plaintiffs") for a refund of Internal Revenue taxes, penalties, and interest erroneously assessed by the Internal Revenue Service (the "Defendant") and paid under protest by the Plaintiffs. The claims relate to an SC2 charitable contribution strategy entered into by SCVHG, an S Corporation, in July 2000. This tax planning strategy was developed by the prestigious international "Big 5" professional services firm KPMG, LLP ("KPMG").

During the discovery period, Defendant United States of America (the "Defendant") served Subpoenas to Testify at a Deposition or to Produce Documents in a Civil Action on KPMG, LLP ("KPMG") and eight of its former employees, including Douglas Duncan. KPMG has provided hundreds of thousands of pages of documents and provided a knowledgeable witness of the transaction under Rule 30(b)(6) of the Federal Rules of Civil Procedure who was deposed for approximately ten hours. Three of the former KPMG employees who were deposed answered all questions and did not assert a Fifth Amendment privilege. The deposition of another former KPMG employee has not occurred yet, but this witness has indicated that he will not assert the Fifth Amendment privilege. The four other former KPMG employees, including Mr. Duncan, refused to answer questions at their deposition asserting their Fifth Amendment privilege.[1]

Although it was the Defendant who noticed these depositions, the Defendant has refused to file a motion to compel, notwithstanding the fact that there is no legitimate basis for the privilege. The Defendant has indicated that rather than moving to compel, it might seek to just have the finder of fact draw adverse inferences from these third-parties' assertions of the privilege. As Plaintiffs believe it would be inappropriate for the Defendant to notice a deposition, fail to move to compel based upon an erroneous assertion of a privilege, and then seek adverse inferences based upon actions that neither the Plaintiffs nor these employees'

---

[1] Plaintiffs will also be filing a Notice of Motion and Motion to Compel Third-Party to Testify in the United States District Court Central District of California seeking to compel the deposition testimony of three other former KPMG employees: Dale Affonso, Andrew Atkin and Lawrence Manth. The Defendant issued subpoenas to these three individuals from the Central District of California. Plaintiffs believe that, like Mr. Duncan, none of these other former KPMG employees face a real and appreciable risk of prosecution, they do not have a valid Fifth Amendment privilege and their refusal to answer was without justification.

former employer, KPMG, can control, Plaintiffs will be filing motions to compel on these witnesses so the case is decided on the facts.

This motion seeks to compel the deposition testimony of Douglas Duncan with respect to questions that Mr. Duncan refused to answer at his deposition, asserting that he had a Fifth Amendment privilege. Because Mr. Duncan does not face a real and appreciable risk of prosecution, he does not have a valid Fifth Amendment privilege and his refusal to answer was without justification. Accordingly, the Plaintiffs now move to compel Mr. Duncan to answer each deposition question for which he refused to answer on the basis of an alleged Fifth Amendment privilege.

## II. STATEMENT OF FACTS

Mr. Duncan was an employee of KPMG for three years, from fall of 1999 until fall of 2002. (Duncan Dep. at 21.) Before working for KPMG, Mr. Duncan was an associate at Deloitte & Touche where his work included preparing tax returns, performing research, writing memos, and meeting with clients. (Duncan Dep. at 24.) He spent approximately five years at Deloitte & Touche before leaving and moving to KPMG. (Duncan Dep. at 20-21.) Due to Mr. Duncan's employment at KPMG and his involvement with SC2 transactions, Plaintiffs identified Mr. Duncan on their Rule 26 Initial Disclosures as a person likely to have discoverable information.

On July 30, 2010, James Weaver on behalf of the Defendant issued a Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action to Mr. Duncan. (Fisk Decl., Exhibit A.) The deposition was held on August 5, 2010 in San Francisco, California. (Duncan Dep. at 2.) In conversations prior to the deposition, Mr. Duncan's attorney Stan G. Roman had informed Mr. Weaver that Mr. Duncan intended to assert the Fifth Amendment privilege with respect to certain questions asked at the deposition. (Duncan Dep. at 7.) At the deposition, Mr. Duncan asserted the Fifth Amendment and refused to respond to approximately 324 of the questions presented by Mr. Weaver upon the advice of his attorney, including questions related to his work at KPMG, his knowledge of other KPMG employees, his knowledge of SCVHG, and his knowledge of or involvement in the development of the SC2 transaction. (Duncan Dep. at 16-129.) In response to each question, Mr. Duncan responded "Upon advice of counsel, I respectfully decline to answer the question and assert my Fifth Amendment privilege." (Duncan Dep. at 16-129). The only

questions Mr. Duncan responded to involved procedural issues and basic biographical information. (Duncan Dep. at 10-129.) Sharyn Fisk, attorney for the Plaintiffs, established that Mr. Duncan intended to assert the Fifth Amendment privilege and refuse to answer any question related to the subject matter of this litigation. (Duncan Dep. at 128-29.)

Mr. Duncan's basis for asserting the Fifth Amendment privilege was not established at the deposition. Mr. Weaver said in response to Mr. Roman regarding Mr. Duncan's assertion of the Fifth Amendment privilege: "I mean I'm presuming, without getting into it at all, you have a good faith basis for asserting the privilege." (Duncan Dep. at 11-12.) Mr. Roman did not offer what his client's basis of asserting the privilege was or what risk of incrimination his client faced. Mr. Roman merely responded "I believe we'll have a good faith basis for asserting the privilege whenever we assert the privilege." (Duncan Dep. at 12.) Plaintiffs' attorneys have previously expressed to the Defendant that they want the former KPMG employees to testify, and have explained that they do not believe that any of the former KPMG employees have a valid Fifth Amendment privilege. (Fisk. Decl. ¶ 8.) Ms. Fisk reiterated on the record at Mr. Duncan's Deposition Plaintiffs' desire to have Mr. Duncan answer Mr. Weaver's questions. (Duncan Dep. at 129.)

While the Government did conduct a criminal investigation of KPMG's tax shelter activities which resulted in an indictment of certain KPMG employees (none of whom are the deponents here), the SC2 transaction was not part of the indictment nor subject to any criminal allegations by the Government. See U.S. v. Stein, 521 F. Supp. 2d 266, 269 (S.D.N.Y. 2007). Moreover, due to the Government's interference with the defendants' constitutional rights, the indictments of certain employees were ultimately dismissed by the District Court and affirmed by the Second Circuit. U.S. v. Stein, 541 F.3d 130 (2nd Cir. 2008).

**III. ARGUMENT**

Mr. Duncan does not have a valid Fifth Amendment privilege with respect to the questions posed at the deposition because he does not face a substantial threat of incrimination that is real and appreciable. A witness cannot refuse to answer a deposition question on the basis of a Fifth Amendment privilege against self-incrimination unless the deponent faces "substantial hazards of self-incrimination that are real and appreciable." Edwards v. Comm'r, 680 F.2d 1268, 1270 (9th Cir. 1982).

/ / /

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL THIRD-PARTY DOUGLAS DUNCAN TO TESTIFY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SHARYN M. FISK IN SUPPORT OF MOTION TO COMPEL; [PROPOSED] ORDER
- 5 -

**A.      Any Risk of Prosecution Against Mr. Duncan Is Remote, Unlikely, and Speculative.**

A witness asserting a Fifth Amendment privilege must have reasonable cause to apprehend a danger of self-incrimination. Id. (holding that taxpayers challenging a notice of deficiency could not claim the Fifth Amendment privilege to avoid having to turn over their business records where the taxpayers maintained that they have not engaged in any criminal activity and no criminal investigation was pending). The Ninth Circuit in McCoy v. Comm'r, 696 F.2d 1234 (9th Cir. 1983), held that the privilege against self-incrimination does not apply if the threat of incrimination is "remote, unlikely, or speculative." McCoy v. Comm'r, 696 F.2d 1234, 1236 (9th Cir. 1983). In McCoy, the appellants refused to comply with discovery requests on Fifth Amendment grounds in their Tax Court case challenging a deficiency and failure to file penalties asserted by the Commissioner. Id. at 1235-36. The Ninth Circuit held their assertion of a Fifth Amendment privilege to be invalid because the threat of incrimination was remote, unlikely, or speculative. See id. at 1236.

The Fifth Amendment may only be invoked when the threat of future criminal prosecution is reasonably particular and apparent. U.S. v. Antelope, 395 F.3d 1128, 1134 (9th Cir. 2005) (holding the risk of criminal prosecution to be apparent where a convicted sex offender was required as part of his court-ordered rehabilitation to describe his sexual history). For example, a witness's testimony may be compelled where prosecution is barred by the statute of limitations. Brown v. Walker, 161 U.S. 591, 598 (1896) ("[I]f a prosecution for a crime, concerning which the witness is interrogated, is barred by the statute of limitations, he is compellable to answer."); Earp v. Cullen, No. 08-99005, 2010 U.S. App. LEXIS 21477, at *9-10 (9th Cir. Oct. 19, 2010) (holding that there was no substantial risk of prosecution for a witness who had refused to testify on Fifth Amendment grounds because the "relevant statutes of limitation had long since expired").

Mr. Duncan does not have reasonable cause to fear prosecution based on his answers to the deposition question. There has been no public indictment targeting SC2 transactions and there is no indication that any criminal investigation is pending against Mr. Duncan. The Department of Justice has not notified any former KPMG employees that they are likely to be the target of a criminal investigation with respect to the SC2 transaction. Although the Government did conduct a criminal investigation of KPMG's tax shelter activities, the SC2 transaction was not part of the indictment nor subject to any criminal allegations by the Government. We believe it was the Governmental overreach in the KPMG tax shelter case that has instilled an irrational

fear in these deponents. Nevertheless, that irrational fear is not a sufficient basis for asserting a Fifth Amendment privilege and Mr. Duncan should be compelled to testify.

Moreover, given that this transaction was entered into more than ten years ago in July 2000, the statute of limitations has likely run on any possible criminal liability that Mr. Duncan may face because all statute of limitations for criminal prosecution under the Internal Revenue Code ("IRC") have expired. See I.R.C. § 6531 (providing that the statute of limitations for criminal prosecutions under the IRC is six years after the commission of the offense for the offenses specified in that section, and three years for all other criminal offenses under the IRC).

Therefore, Mr. Duncan's assertion of the Fifth Amendment privilege is not valid because the threat of incrimination is remote, unlikely, and speculative.

### B. Mr. Duncan Provided No Basis for Asserting the Fifth Amendment Privilege.

Where a real and appreciable risk of self-incrimination is not readily apparent from the questions and circumstances of the discovery request, the burden is on the deponent to establish that a substantial threat of self-incrimination exists. See Baker v. Limber, 647 F.2d 912, 917 (9th Cir. 1981). The court in Baker explained that the Fifth Amendment privilege is "normally is not asserted properly by merely declaring that an answer will incriminate." Id. at 916 (quoting Brunswick Corp v. Doff, 638 F.2d 108, 110 (9th Cir. 1981)). The appellant's Fifth Amendment privilege was held to be not valid in Baker even though the appellant had asserted in his opposition to the motion to compel that motions and appeals were still pending related to his state court conviction because the appellant failed to demonstrate the nexus between the state indictment and the requested discovery. Id. at 916-17.

In determining whether the risk of self-incrimination is evident from the deposition questions, the Supreme Court has explained that courts should look at the implications of the questions and the setting in which they are asked, taking into consideration both the facts of the case and the judge's personal perceptions of the peculiarities of the case. Hoffman v. U.S., 341 U.S. 479, 486-487 (1951) (holding the risk of self-incrimination to be evident where a grand jury was questioning a witness about his occupation and knowledge of named individuals as part of an investigation of frauds against the federal government). If the questions and circumstances are innocuous, though, merely asserting that the Fifth Amendment privilege

applies is an insufficient basis to refuse to answer discovery requests. See McCoy, 696 F.2d at 1236 (explaining that the witness "must make some 'positive disclosure' indicating where the danger lies"); see also Hoffman, 341 U.S. at 486 ("The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself – his say-so does not of itself establish the hazard of incrimination."). Similar to Baker, in McCoy, the taxpayers' assertion of the Fifth Amendment privilege was not valid where the appellants refused to justify their fear of criminal prosecution. McCoy, 696 F.2d at 1236.

Here, no substantial risk of self-incrimination is apparent from the questions and circumstances of Mr. Duncan's deposition. Mr. Duncan is a non-party witness in a civil proceeding. Unlike in Hoffman, the questions are not being asked to further any criminal investigation. Plaintiffs are unaware of any current criminal investigation pending related to Mr. Duncan or the SC2 transaction. Further, Mr. Duncan's counsel requested from the Government confirmation of whether there is any current criminal investigation pending related to Mr. Duncan or the SC2 transaction. Therefore, the burden is on Mr. Duncan to establish that he faces a real and appreciable risk of incrimination. Mr. Duncan has offered no justification for asserting the Fifth Amendment privilege. To each question, he merely stated "Upon advice of counsel, I respectfully decline to answer the question and assert my Fifth Amendment privilege." Moreover, when establishing at the beginning of the deposition that his client would be asserting the Fifth Amendment, Mr. Duncan's counsel insufficiently stated that "I believe we'll have a good faith basis for asserting the privilege whenever we assert the privilege." Mr. Duncan has therefore failed to meet his burden of establishing that he has reasonable cause to fear prosecution.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

Mr. Duncan, as a former KPMG employee, may have information reasonably calculated to lead to the discovery of admissible evidence because of his involvement in developing the SC2 transaction. For the reasons set forth above, Mr. Duncan does not have a valid Fifth Amendment privilege with respect to the questions posed to him at the deposition. Accordingly, Plaintiffs respectfully request that the Court compel Mr. Duncan to answer the questions propounded to him at the deposition for which he wrongly asserted the Fifth Amendment.

Dated: October 26, 2010        HOCHMAN, SALKIN, RETTIG, TOSCHER & PEREZ, PC

By: /s/ SHARYN M. FISK, ESQ.
SHARYN M. FISK, ESQ.
Attorneys for SANTA CLARA VALLEY HOUSING GROUP, INC. and KRISTEN M. BOWES

304650.1