# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SANTA CLARA VALLEY HOUSING GROUP, INC. and KRISTEN M. BOWES,<br><br>    Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.: 08-CV-05097-LHK<br><br>ORDER DENYING RELIEF FROM NON-DISPOSITIVE ORDER OF MAGISTRATE JUDGE |

## I.    BACKGROUND

On December 14, 2010, Plaintiffs moved for Relief from an Order by Magistrate Judge Lloyd denying Plaintiffs' Motion to Compel Third Party Douglas Duncan to testify. *See* Motion for Relief (Dkt. No. 61); Order of December 14, 2010 (Dkt. No. 59). Judge Lloyd's Order set forth the factual and procedural background of the Plaintiffs' Motion to Compel, and the Court does not re-state this information here. *See* Order of December 14, 2010 at 1-2.

Pursuant to Federal Rule of Civil Procedure 72, the district judge may set aside a Magistrate Judge's Nondispositive Pretrial Order only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The Court has reviewed the December 14, 2010 Order, the Plaintiffs' Motion for Relief, the underlying briefing on Plaintiffs' Motion to Compel, and the cited authorities. Because the Court finds that the conclusions in the December 14, 2010 Order are well-supported, and are not clearly erroneous or contrary to law, the Plaintiffs' Motion for Relief is DENIED.

## II. ANALYSIS

As noted in the December 14, 2010 Order, "[T]he 'privilege against self-incrimination does not depend upon the *likelihood*, but upon the *possibility* of prosecution.'" *Doe v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000) (citing *In re Seper*, 705 F.2d 1499, 1501 (9th Cir. 1983). However, a witness must have "reasonable cause to apprehend danger from a direct answer." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). The witness must make a "good faith effort to provide the trial judge with sufficient information from which he can make an intelligent evaluation of the claim." *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

As outlined in the December 14, 2010 Order, Duncan provided a number of specific reasons that he fears potential criminal liability based on testimony about the KPMG SC2 strategy. *See* December 14, 2010 Order at 5-6. Duncan showed that the SC2 strategy has been criticized as a "sham" and as "abusive" in the context of a 2005 Senate investigation and report on the strategy, and that former KPMG employees and partners had faced indictment based on their alleged participation in other KPMG tax strategies. *Id*. at 6. Duncan also stated that he asked the Government for assurance that there was no ongoing criminal investigation related to the SC2 strategy and that Duncan was not a target of any such investigation, and that the Government was unable to provide such assurances or to offer Duncan immunity, despite the fact that the Government (not Plaintiffs) noticed Duncan's deposition. *See* December 14, 2010 Order at 6. The Government states that "the lack of an ongoing investigation [of SC2] would not foreclose an investigation in the future should circumstances warrant and the statute of limitations remain open." United States Reply Br. (Dkt. No. 55) at 2-3. Finally, the Court found that the statute of limitations relating to a potential criminal indictment based on the SC2 strategy had not yet run. December 14, 2010 Order at 7. Based on all of these reasons, Duncan justified his refusal to answer questions relating to the SC2 strategy during his deposition based on a fear of future prosecution relating to his participation in the strategy, as set forth in his Opposition to the Plaintiffs' Motion to Compel. *See* Opp'n. (Dkt. No. 50). The Magistrate Judge's conclusion that these facts presented a "reasonable cause to apprehend danger," justifying Duncan's assertion of the Fifth Amendment during his deposition, was not clearly erroneous.

2

Case No.: 08-CV-05097-LHK
ORDER DENYING RELIEF FROM NON-DISPOSITIVE ORDER OF MAGISTRATE JUDGE

Plaintiffs' arguments in favor of setting aside the December 14, 2010 Order are unpersuasive. Plaintiffs argue that Duncan has failed to show a sufficient "nexus" between his testimony and any risk of criminal prosecution, because Duncan cannot show that there is an ongoing criminal investigation relating to the SC2 strategy. In support of this argument, Plaintiffs cite a case already addressed and distinguished by Judge Lloyd in the December 14, 2010 Order, *Baker v. Limber*, 647 F.2d 912, 917 (9th Cir. 1981). As Judge Lloyd noted, *Baker* is distinguishable because it presents extreme facts. In *Baker*, the Ninth Circuit found that the Fifth Amendment was not properly invoked when the deponent offered no connection whatsoever between the questions asked, which sought information such as his home address, and fear of any criminal prosecution. *Baker*, 647 F.2d at 917. In contrast, as outlined above, Duncan provided sufficient evidence of a nexus between testimony regarding the SC2 strategy and a fear of criminal prosecution based on that strategy.

The additional authority cited by Plaintiffs does no more to advance their argument. *See Martin-Trigona v. Gouletas*, 634 F.2d 354, 362 (7th Cir. 1980). Like *Baker*, *Martin-Trigona* presents an extreme situation where the court found that the individual asserting the Fifth Amendment provided no link whatsoever between "seemingly innocuous" questions about his bank account and any risk of criminal prosecution. *See Martin-Trigona v. Gouletas*, 634 F.2d at 362. Plaintiffs also cite a case declining to stay a civil action in light of a pending criminal proceeding, but the standard for evaluating a stay in these circumstances is not the same as the standard for evaluating assertion of the Fifth Amendment. *See Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995) (setting forth the standard for staying a civil action due to pending criminal proceedings in the Ninth Circuit). A witness who is the subject of an ongoing criminal matter may still choose to assert the Fifth Amendment in a civil matter, even if a court has declined to stay the civil matter based on Fifth Amendment concerns. *Keating,* 45 F.3d at 326. Indeed, the authority cited by Plaintiffs held that the court took "no present view" on any future ruling if the defendant eventually invoked the Fifth Amendment in the ongoing civil matter, and is therefore inapposite to the question presented here. *United States v. Ianniello*, No. 86 Civ. 1552-CSH, 1986 U.S. Dist. LEXIS 25740 at *3 (S.D.N.Y. May 8, 1986).

Plaintiffs also argue that the fact that KPMG's 30(b)(6) witness did not assert the Fifth Amendment when testifying about the KPMG opinions supporting the SC2 strategy undermines Duncan's assertion of the Fifth Amendment regarding related questions. Plaintiffs argue that KPMG's 30(b)(6) testimony is "strong evidence that the SC2 Transaction was not the subject of the investigation or prosecution in New York." But Plaintiffs misread the December 14, 2010 Order. It simply notes that any failure by a KPMG corporate witness to assert the Fifth Amendment in response to questions about the SC2 strategy has no bearing on whether or not Mr. Duncan can choose to assert it. *See* December 14, 2010 Order at 4, n.4. As noted above and in the December 14, 2010 Order, there is no requirement that Duncan show the SC2 strategy is currently the subject of criminal investigation in order to show a reasonable fear of potential future prosecution relating to the strategy.

Plaintiffs have failed to show that the December 14, 2010 Order was clearly erroneous or contrary to law. The Court finds that the Order is amply supported by the relevant authorities and the record herein. Accordingly, the Plaintiffs' Motion for Relief is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 5, 2011

_____
LUCY H. KOH
United States District Judge

4

Case No.: 08-CV-05097-LHK
ORDER DENYING RELIEF FROM NON-DISPOSITIVE ORDER OF MAGISTRATE JUDGE