\*\*E-Filed 1/18/2012\*\*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SANTA CLARA VALLEY HOUSING GROUP, INC., et al., <br>     Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br>     Defendant. | Case No. 5:08-cv-05097-WHA <br><br> ORDER[1] GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION IN PART AND MODIFYING ORDER OF SEPTEMBER 21, 2011 <br><br> [re: dkt. entry 102] |

On September 21, 2011, the Court issued an order addressing the parties' cross-motions for summary judgment. The parties sought adjudication as to whether certain warrants issued by Plaintiff Santa Clara Valley Housing Group, Inc. ("Santa Clara") constituted a second class of stock pursuant to 26 C.F.R. § 1.1361-1($l$)(4) ("the regulation"). The Court concluded that the warrants did constitute a second class of stock under subsection ($l$)(4)(ii) but not under subsection ($l$)(4)(iii). Santa Clara seeks reconsideration of that ruling, asserting that the Court erred in applying subsection ($l$)(4)(ii) in this case and failed to consider whether the warrants fall within the safe harbor

---

[1] This disposition is not designated for publication in the official reports.

established in subsection (*l*)(4)(iii)(C). For the reasons discussed below, the motion will be granted in part.[2]

Santa Clara asserted the inapplicability of subsection (*l*)(4)(ii) in its summary judgment briefing and at the hearing. It now makes the same arguments in greater detail. Repetition of arguments previously considered and rejected by the Court is not permitted under the Civil Local Rules. *See* Civ. L.R. 7-9(c). Moreover, Santa Clara's renewed arguments do not alter the Court's conclusion that a warrant may be considered an "instrument, obligation, or arrangement issued by a corporation" for purposes of subsection (*l*)(4)(ii).

A more difficult issue is raised by Santa Clara's assertion that the Court failed to address the safe harbor established by subsection (*l*)(4)(iii)(C). Both subsections (*l*)(4)(ii) and (*l*)(4)(iii) contain safe harbor provisions. At the time it issued its ruling on the parties' cross-motions, the Court read the regulation as providing a distinct safe harbor for each subsection. It treated the safe harbor provision codified at subsection (*l*)(4)(ii)(B) as creating an exception for instruments that otherwise would be considered a second class of stock under subsection (*l*)(4)(ii), and it interpreted the safe harbor provision codified at subsection (*l*)(4)(iii)(C) as setting forth an exception for instruments that otherwise would be considered a second class of stock under subsection (*l*)(4)(iii). For this reason, having concluded that subsection (*l*)(4)(iii) did not apply in this case, the Court did not address the safe harbor provision established by subsection (*l*)(4)(iii)(C). The Court did not understand Santa Clara to be arguing that the safe harbor provision in subsection (*l*)(4)(<u>iii</u>) applies to instruments that constitute a second class of stock under subsection (*l*)(4)(<u>ii</u>).

In its motion for reconsideration, Santa Clara points to the following language in subsection (*l*)(4)(i):

> **(4) Other instruments, obligations, or arrangements treated as a second class of stock --**
> (i) In general. Instruments, obligations, or arrangements are not treated as a second class of stock for purposes of this paragraph (*l*) unless they are described in paragraph (*l*)([4])(ii) or (iii) of this section. However, **in no event are instruments, obligations, or arrangements described in paragraph (b)(4)** of this section (relating to deferred compensation plans), **paragraphs (*l*)(4)(iii)(B) and (C)** of this section (relating to the exceptions and safe harbor for options), **paragraph (*l*)(4)(ii)(B)** of this section (relating to the safe harbors for certain short-term unwritten advances and proportionally-held debt), or **paragraph (*l*)(5)** of this

---

[2] The Court concludes that the motion is appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b).

> section (relating to the safe harbor for straight debt), **treated as a second class of stock for purposes of this paragraph (*l*)**.

26 C.F.R. § 1.1361-1(*l*)(4)(i) (emphasis added). The government urges the Court to interpret the above language simply as listing the different safe harbor provisions that might apply *in the context* of the subsection to which each safe harbor is appended. The government contends that a statutory construction that would apply every safe harbor to every instrument, regardless of where in the regulatory scheme the safe harbor appears, would not comport with the structure of the regulation. There does not appear to be any case law on point. However, the language is unambiguous; it says that "in no event" shall an instrument be treated as a second class of stock if the requirements for any of the listed safe harbors are satisfied. This directive does not appear to conflict with any other language in the statute or with the statute's overall structure. Accordingly, the Court concludes that the warrants do not constitute a second class of stock if they fall within the safe harbor provision of (*l*)(4)(iii)(C). *See Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002) ("The inquiry ceases if the statutory language is unambiguous and the statutory scheme is coherent and consistent.) (internal quotation marks and citation omitted).

Subsection (*l*)(4)(iii)(C) provides as follows:

> (C) Safe harbor for certain options. A call option is not treated as a second class of stock if, on the date the call option is issued, transferred by a person who is an eligible shareholder under paragraph (b)(1) of this section to a person who is not an eligible shareholder under paragraph (b)(1) of this section, or materially modified, the strike price of the call option is at least 90 percent of the fair market value of the underlying stock on that date. For purposes of this paragraph (l)(4)(iii)(C), a good faith determination of fair market value by the corporation will be respected unless it can be shown that the value was substantially in error and the determination of the value was not performed with reasonable diligence to obtain a fair value. Failure of an option to meet this safe harbor will not necessarily result in the option being treated as a second class of stock.

26 C.F.R. § 1.1361-1(*l*)(4)(iii)(C). As an initial matter, the government argues that the instruments in question are not truly "warrants," but rather are "synthetic equity instruments" that do not fall within a safe harbor for call options.[3] As discussed in the summary judgment order, the record is clear that the warrants were issued solely to protect the Schott family's equity in the company

---

[3] Subsection (*l*)(4)(iii) refers to call options, warrants, and similar instruments collectively as "call options." 26 C.F.R. § 1.1361-1(*l*)(4)(iii)(A).

3

during the period of time that the majority shares were "parked" in the Los Angeles Safety Members Pension Plan ("LAPF"). However, it also is clear that the instruments in fact were warrants that would permit the Schott family to purchase shares of the company sufficient to dilute LAPF's shares in the event that LAPF refused to sell back its shares at the agreed-upon time. Accordingly, the Court cannot conclude as a matter of law that a safe harbor provision applicable to warrants does not apply here.

Application of the subject safe harbor provision turns upon whether the strike price of the warrants was at least ninety percent of the fair market value of the underlying stock on the date the warrants issued. *See* 26 C.F.R. § 1.1361-1(*l*)(4)(iii)(C). "[A] good faith determination of fair market value by the corporation will be respected unless it can be shown that the value was substantially in error and the determination of the value was not performed with reasonable diligence to obtain a fair value." *Id*. Both sides presented substantial evidence, including expert opinions, as to the fair market value of the shares at the time the warrants issued. This evidence is sufficient to create triable issues of material fact as to the application of the safe harbor provision. Accordingly, the Court will grant reconsideration with respect to this aspect of its ruling, and will modify its ruling accordingly.

**ORDER**

Good cause therefor appearing,

(1) the motion for reconsideration is GRANTED IN PART as set forth above; and

(2) the Court's ruling that the warrants constituted a second class of stock under subsection 26 C.F.R. § 1.1361-1(*l*)(4)(ii) is modified to reflect a determination that triable issues of material fact exist as to whether the safe harbor provision of 26 C.F.R. § 1.1361-1(*l*)(4)(iii)(C) is satisfied.

DATED: January 18, 2012

JEREMY FOGEL
United States District Judge

4